IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Arthur Lewis Dempsey, Jr., ) | C/A No. 6:15-664-TMC-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Greenville Heritage Federal Credit Union; ) | |
| Rick Stephens, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Arthur Lewis Dempsey, Jr. ("Plaintiff"), proceeding pro se, brings this civil action alleging that Defendants violated federal and South Carolina laws. Plaintiff is a non-prisoner, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint is subject to summary dismissal.

## BACKGROUND

Plaintiff alleges that he resides in Piedmont, South Carolina, and both defendants are located in Greenville, South Carolina. [Doc. 1 at 2.] He contends that Rick Stephens ("Stephens") was the Collection Manager for the Greenville Heritage Federal Credit Union ("Credit Union") during the times alleged in the Complaint. [*Id*. at 3; Doc. 13 at 2.] Specifically, Plaintiff alleges the following facts occurred around July 10, 2014. His car has been repossessed twice, and he has taken the Credit Union to magistrate's court twice for wrongful repossession. [Doc. 1 at 3.] Both times, Stephens, on behalf of the Credit Union, "falsified documents" that he filed in the magistrate's court. [*Id*.] He could not retrieve his car solely by dealing with the Credit Union; he was only able to get the Credit Union to respond after he filed papers. [*Id*.] Also, the Credit Union told Plaintiff that a GPS[1] Unit

---

[1]Presumably, a global positioning system.

had been installed in the car, but his mechanic could not find it. [*Id*.] Thus, he was charged unjustified fees. [*Id*.]

In response to this Court's Special Interrogatories, Plaintiff provided certain additional information that was not contained in the Complaint. He contends that Stephens' name was on the correspondence from the Credit Union, and the Credit Union learned of Stephens' misconduct on July 10, 2014, but it permitted him to continue violating federal and state laws on behalf of the Credit Union. [Doc. 13 at 2.]

Based on those facts, Plaintiff contends Defendants violated the following laws by falsifying information in the collection process and utilizing unfair practices—"FTC" laws, 15 U.S.C. §§ 1692(e)(2)(A), 1692f. [Doc. 13 at 1.] Also, Plaintiff alleges Defendants violated S.C. Code Ann. §§ 37-5-108(c)(i)(ii), 37-5-302, by utilizing fraudulent, deceptive or misleading representations and knowingly providing false or inaccurate information which they were required to disclose. [*Id*.]

For his relief, Plaintiff seeks $1,200,000 in damages. [Doc. 1 at 4.] He also seeks an investigation of the Credit Union with respect to its illegal activity. [*Id*.] He requests this Court to "stop all collections or legal actions associated with this case." [*Id*.]

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(e) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on

which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## **DISCUSSION**

Plaintiff presumably filed this lawsuit in this United States Court because he alleges that Defendants violated certain laws of the United States. He alleges violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq.; however, his allegations are insufficient to establish subject matter jurisdiction or allege a plausible claim that should be served. *See Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 452–53 (4th Cir. 2012) (explaining that where a plaintiff invoking § 1331 "pleads a

3

colorable claim 'arising under' the Constitution or laws of the United States," he invokes federal subject matter jurisdiction) (citation omitted).  Although the Court must liberally construe the pro se Complaint and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)); *see also McCleary-Evans v. Maryland Dep't of Transp.*, -F.3d-, 2015 WL 1088931, at *3 (4th Cir. March 13, 2015) (noting that a plaintiff must plead enough to raise a right to relief above the speculative level); *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact); *cf. Skinner v. Switzer*, 131 S. Ct. 1289 (2011) (holding that plaintiff need not pin his claim for relief to precise legal theory).  A plaintiff must do more than provide a formal recitation of the necessary elements of a claim because that would constitute merely conclusions and only speculation would fill the gaps in the complaint.  *McCleary-Evans*, -F.3d-, 2015 WL 1088931, at *3.

If a plaintiff's complaint raises a federal question, this Court may have subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331.  A federal question relates to an action "'. . . arising under the Constitution, laws, or treaties of the United States.'"  *See In re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 584 (4th Cir. 2006) (citation omitted).  Here, as noted above, Plaintiff alleges Defendants violated 15 U.S.C. §§ 1692(e)(2)(A), 1692f.  Those federal statutes are part of the FDCPA, which does provide a private right of action against a debt collector that violates a provision of the FDCPA.  *See* 15 U.S.C.

4

§ 1692k. However, under this federal law, a consumer is authorized to sue a debt collector as defined by the statute but not a creditor as defined by the statute. *See* 15 U.S.C. § 1692a. Here, Plaintiff does not plausibly allege a violation of the FDCPA because the only reasonable inference from the Complaint is that Defendants were creditors because the Credit Union was the entity to whom the debt was owed and it was secured by Plaintiff's car. Plaintiff does not allege that Defendants were attempting to collect a debt owed to another, which is the definition of a debt collector under the FDCPA. The FDCPA does not create a private right of action against a creditor for unfair practices; thus, Plaintiff fails to allege a plausible violation of federal law. *See Eley v. Evans*, 476 F. Supp. 2d 531, 534 (E.D.Va. 2007) (plaintiff failed to state a claim for violation of the FDCPA because the car dealership was a creditor, and the car dealership and its president by hiring a towing company to repossess the automobile were attempting to collect on a debt that was owed to them); *Craig v. Park Fin. of Broward Cnty., Inc.*, 390 F. Supp. 2d 1150, 1154 (M.D.Fla. 2005) (plaintiff failed to state a violation of the FDCPA against a lender that financed a car loan because the lender was a creditor, not a debt collector); *see also Mitchell v. Cannon*, C/A No. 2:07-3259-PMD-BM, 2009 WL 824202, at *10 (D.S.C. March 26, 2009) (plaintiff's claims based on repossession of his vehicle did not state a claim for violation of the FDCPA against Branham and Cypress Recovery, who were private actors), *aff'd*, 367 F. App'x 390 (4th Cir. 2010).

To the extent the Complaint may be filed pursuant to 42 U.S.C. § 1983 because Plaintiff alleges that Defendants violated United States laws, Plaintiff also fails to state a plausible claim. Section 1983 "'is not itself a source of substantive rights,' but merely

provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 132 S. Ct. 1497, 1501 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Courts have held that federal credit unions and private citizens employed by them are not state actors. *See Smalls v. Woods*, C/A No. 2:08-458-RBH-GCK, 2008 WL 867754, at *3 (D.S.C. March 27, 2008) (citing cases where courts have found that credit unions are not state actors). Thus, because Plaintiff fails to allege that Defendants acted under color of state law, he does not state a cognizable § 1983 claim.

Of course, this Court may have subject matter jurisdiction over a state law claim under the diversity statute, 28 U.S.C. § 1332, if that statute's requirements are satisfied. *See Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011). With the exception of certain class actions, the diversity statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). *See* 28 U.S.C. § 1332(a). Complete diversity of parties in a case means that the citizenship of every plaintiff must be different from the citizenship of every defendant. *Central West Virginia Energy Co.*, 636 F.3d at 103. Here, although Plaintiff alleges Defendants violated several provisions of the South Carolina Consumer Protection

6

Code[2], his allegations indicate that all parties are domiciled in South Carolina. Thus, this Court has no diversity jurisdiction over this action because Plaintiff does not allege complete diversity of parties.

Moreover, to the extent Plaintiff brings this action seeking to halt all collections or legal actions in state court that are associated with this case, this Court should abstain pursuant to the *Younger* doctrine. *See Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 588 (2013) (circumstances fitting within the *Younger* doctrine include "'state criminal prosecutions,' 'civil enforcement proceedings,' and 'civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions'"). Or, if the state lawsuits have been completed and Plaintiff was the losing party, this Court should abstain pursuant to the *Rooker-Feldman* doctrine.[3] *See Smalley v. Shapiro & Burson*, 526 F. App'x 231, 235–36 (4th Cir. 2013) (party losing in state court is barred from seeking what in substance would be appellate review of state judgment—this doctrine applies to matters directly addressed by the state court and claims which are inextricably intertwined with state court decisions).

In conclusion, with respect to the alleged federal question claims, this Court should dismiss this action for lack of subject matter jurisdiction or failure to state a claim on which relief may be granted. Additionally, this Court should dismiss this entire action based on abstention. Also, if this Court has federal question subject matter jurisdiction over this

---

[2] S.C. Code Ann. § 37-5-202 provides a consumer a private right of action against a creditor under certain circumstances.

[3] If Defendants allegedly falsified documents and filed them in a state court action, that issue should be raised before that state court.

action with supplemental jurisdiction over the state law claims, because the federal question claims should be dismissed, the Court should decline supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(c)(3).

## **RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss this action without prejudice and without issuance and service of process.  *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972).  **Plaintiff's attention is directed to the important notice on the next page.**

<u>s/Jacquelyn D. Austin</u><br>
United States Magistrate Judge

March 19, 2015
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).